UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TED DURBIN (#132464)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 12-496-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 10, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TED DURBIN (#132464)

VERSUS                                                              CIVIL ACTION

BURL CAIN, ET AL                                     NUMBER 12-496-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the Defendants' Motion for Partial Summary Judgment. Record document number 20. The motion is opposed.[1]

Pro se plaintiff, an inmate currently confined in David Wade Correctional Center ("DWCC"), Homer, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana State Penitentiary ("LSP") Warden Burl Cain, LSP Asst. Warden Troy Poret, LSP Asst. Warden Joe Lamartiniere, LSP Chaplain Gary Sumrall, DWCC Warden Jerry Goodwin, DWCC Dy. Warden Angie Huff and DWCC Chaplain M. Ray Anderson. Plaintiff alleged that he was transferred from LSP to DWCC in retaliation for refusing to dismiss a lawsuit against Warden Cain. Plaintiff further alleged that Warden Cain and Warden Goodwin conspired to have him transferred from LSP to DWCC. Plaintiff alleged that while confined at DWCC, he was not allowed to practice his religion. Finally, the plaintiff alleged that medical care at DWCC is inadequate. Plaintiff sought compensatory

---

[1] Record document number 24.

and punitive damages and injunctive relief.

Defendants moved for partial summary judgment relying on a statement of undisputed facts, the results of ARP LSP-2012-659 and DWCC-12-335.

### I. Factual Allegations

Plaintiff alleged that in October 2011[2] Asst. Warden Poret conveyed a message from Warden Cain that if the plaintiff did not dismiss a lawsuit he filed against Warden Cain, he would be transferred to another prison facility.  Plaintiff alleged that on November 16, 2011, he told Chaplain Sumrall that Warden Cain was threatening to have him transferred to another facility because of his pending litigation but Chaplain Sumrall did not respond.

Plaintiff alleged that he did not dismiss his lawsuit against Warden Cain and on January 30, 2012, he was transferred to David Wade Correctional Center.

Plaintiff alleged that on February 2, 2012, he met with Warden Goodwin who informed him that there were no other inmates at the prison facility who practice Judaism.  Plaintiff alleged that Warden Goodwin informed him that he would be provided an area to practice his faith but it would not be in the Hope Chapel.

---

[2] Plaintiff alleged that his conversation with Asst. Warden Poret took place in October 2012.  However, the plaintiff filed his complaint on August 15, 2012.  Obviously, the plaintiff could not have complained about an event which had not yet occurred.  The court will assume that the alleged incident took place in 2011 rather than 2012.

2

Plaintiff alleged that Chaplain Anderson told him the area he was permitted to practice his faith in was inappropriate but they were at the mercy of the prison security officers.

Plaintiff alleged that the medical department at DWCC is not set up for long-term care.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(c).  The court need only consider cited materials, but it may consider other materials in the record.  Rule 56(c)(1)(3).

### B. Failure to Exhaust Administrative Remedies

Defendants argued that the plaintiff failed to exhaust available administrative remedies before filing suit regarding several of his claims.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by

a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998), abrogated in part by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. Id., 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d

4

863, 866 (5th Cir. 2003).

The Prison Litigation Reform Act (PLRA) does not specify who must be named in a prison grievance in order to properly exhaust the prison grievance system. *Jones v. Bock*, 549 U.S. 199, 217-218, 127 S.Ct. 910, 922-23 (2007). Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 923.

The primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id*.

Plaintiff alleged that he filed ARP LSP-2012-0659 and DWCC-2012-0335 regarding the claims raised in the complaint. The summary judgment evidence showed that the plaintiff filed ARP LSP-2012-0659 on February 27, 2012, complaining that in October 2011 Asst. Warden Poret conveyed a message from Warden Cain that he would be transferred if he did not dismiss a lawsuit pending against Warden Cain. Plaintiff complained that on January 30, 2012, he was transferred to DWCC.

The summary judgment evidence showed that the plaintiff filed ARP DWCC-2012-0335 on February 17, 2012, complaining that he was

5

denied access to the chapel to practice his religious rites.

The summary judgment evidence showed that the plaintiff failed to exhaust available administrative remedies regarding his claim that Warden Cain and Warden Goodwin conspired to have him transferred to DWCC and that he was denied adequate medical treatment at DWCC. In addition, the summary judgment evidence showed that the plaintiff failed to exhaust available administrative remedies regarding his claims against defendants LSP Asst. Warden Lamartiniere, LSP Chaplain Sumrall, DWCC Dy. Warden Huff and DWCC Chaplain Anderson.

As noted above, the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. However, a grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit.

The summary judgment evidence showed that the plaintiff's ARPs failed to provide prison administrators with a fair opportunity to address the plaintiff's claims against defendants LSP Asst. Warden Lamartiniere, LSP Chaplain Sumrall, DWCC Dy. Warden Huff and DWCC Chaplain Anderson and his deliberate indifference, conspiracy and retaliation claims against Warden Goodwin.

**C. Respondeat Liability**

Plaintiff named Asst. Warden Poret as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.  Specifically, the plaintiff alleged that Asst. Warden Poret conveyed a message from Warden Cain that the plaintiff would be transferred to another facility if he did not dismiss a complaint against Warden Cain.  To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  Plaintiff did not allege or offer any summary judgment evidence that Asst. Warden Poret took any action against him or was actually involved in the warden's transfer decision.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendants' Motion for Partial Summary Judgment be granted in part, dismissing all of the plaintiff's claims against defendants LSP Asst. Warden Lamartiniere, LSP Chaplain Sumrall, DWCC Dy. Warden Huff and DWCC Chaplain Anderson, and dismissing his deliberate indifference, conspiracy and retaliation claims against Warden Goodwin.  In all other respects the defendants' Motion for Partial

Summary Judgment should be denied and this matter be referred back to the magistrate judge for further proceedings on the plaintiff's retaliation claim against Warden Cain and his religious interference claim against Warden Goodwin.

Baton Rouge, Louisiana, September 10, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE